PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* DOMINGO RIVERA, Defendant and Appellant.

No. 3030. Argued February 15, 1927.—Decided May 6, 1927.

*Angel A. Vázquez* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Domingo Rivera was charged in the municipal court with aggravated assault in that "wilfully, maliciously and with the premeditated intent to injure Francisco Feliciano, assaulted him with a razor, which is a deadly weapon, thrusting at him with it several times, failing to wound him because Francisco Feliciano dodged the thrusts and because of the prompt intervention of the complainant."

The case was heard on appeal in the District Court of

San Juan which sentenced him for aggravated assault and in his appeal therefrom he alleges as the only error that the trial court convicted him of aggravated assault, the complaint being insufficient to that effect and even to constitute a criminal offense.

Section 1 of the Act to define and punish the crime of assault (Comp. 1911, section 5659) says that ''The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used, is an assault and battery. Any attempt to commit a battery, or any threatening gesture showing in itself an immediate intention, coupled with an ability to commit a battery, is an assault.''

In accordance with this legal definition the complaint charges the appellant with the crime of assault, because when it states that he assaulted Francisco Feliciano with a razor, which is a deadly weapon, thrusting at him with it several times but without wounding him, not only charges him with the attempt to commit the assault, but with the ability to cause violent injury to the person of Feliciano with the razor and with the intent to injure him.

One of the aggravating circumstances of the crime of assault is set forth in subdivision 8 of section 6 of the said Act which says: ''When committed with deadly weapons under circumstances not amounting to an intent to kill or maim.'' The complaint charges the appellant with assaulting Francisco Feliciano with a razor, which is a deadly weapon, but the appellant alleges that no aggravation is imputed because it is not stated that the assault was committed under circumstances not amounting to an intent to kill or maim.

The characteristic of such aggravation is that the assault was committed with a deadly weapon, which aggravation was not absent because the complaint failed to state that the circumstances under which the assault was committed did not amount to an intent to kill or maim, as it appears from

the wording of the complaint that there was no intent to kill or maim and because the omission of the above words in the complaint did not prejudice the appellant in any way.

The judgment appealed from must be affirmed.